| **Fill in this information to identify your case:** |
|---|
| United States Bankruptcy Court for the: |
| SOUTHERN DISTRICT OF NEW YORK |
| Case number *(if known)* _____  Chapter  **11** |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **Provant Health Solutions, LLC** |
| **2.** | **All other names debtor used in the last 8 years**  Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **20-1778511** |
| **4.** | **Debtor's address** | **Principal place of business**  **560 N. Rogers Road**  **Olathe, KS 66062**  Number, Street, City, State & ZIP Code  **Johnson**  County | **Mailing address, if different from principal place of business**  _____  P.O. Box, Number, Street, City, State & ZIP Code  **Location of principal assets, if different from principal place of business**  _____  Number, Street, City, State & ZIP Code |
| **5.** | **Debtor's website** (URL) | **https://www.provanthealth.com/hooperholmes** |
| **6.** | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  ☐ Partnership (excluding LLP)  ☐ Other. Specify: _____ |

Official Form 201    **Voluntary Petition for Non-Individuals Filing for Bankruptcy**    page 1

Debtor **Provant Health Solutions, LLC**  Case number (*if known*)
         Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__5419__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check all that apply*:

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  ☐ A plan is being filed with this petition.
  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

Debtor **See Rider 1**                                Relationship    **Affiliate**
District **Southern District of New York**   When _____ Case number, if known _____

Official Form 201    **Voluntary Petition for Non-Individuals Filing for Bankruptcy**    page 2

Debtor  **Provant Health Solutions, LLC**                                         Case number (*if known*)
　　　　 Name

**11. Why is the case filed in *this district*?**  *Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
　　What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
　　Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____
　　　　　Contact name _____
　　　　　Phone _____

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**    .    *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
■ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

■ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

■ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor **Provant Health Solutions, LLC**         Case number (*if known*)
     Name

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    08/27/2018
               MM / DD / YYYY

X **/s/ Kevin Johnson**                          **Kevin Johnson**
Signature of authorized representative of debtor   Printed name

Title   **Chief Financial Officer**

**18. Signature of attorney**

X **/s/ Richard James Bernard**                  Date   08/27/2018
Signature of attorney for debtor                        MM / DD / YYYY

**Richard James Bernard 4047056**
Printed name

**Foley & Lardner - New York**
Firm name

**90 Park Avenue**
**New York, NY 10016-1314**
Number, Street, City, State & ZIP Code

Contact phone   **212-682-7474**       Email address   **rbernard@foley.com**

**4047056 NY**
Bar number and State

| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| SOUTHERN DISTRICT OF NEW YORK |
| Case number *(if known)*         Chapter   **11** |

☐ Check if this an amended filing

# Rider 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Hooper Holmes, Inc.

- Hooper Holmes, Inc.
- Hooper Distribution Services, LLC
- Hooper Wellness, LLC
- Accountable Health Solutions, LLC
- Hooper Information Services, Inc.
- Hooper Kit Services, LLC
- Provant Health Solutions, LLC

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name:   HOOPER HOLMES, INC., et al | |
| United States Bankruptcy Court for the:   Southern District of New York | ☐ Check if this is an amended filing |
| Case Number (If known):   18-_____ | |

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | MOORE MEDICAL 1690 NEW BRITAIN AVE FARMINGTON, CT  06032 | PHONE: 800-234-1464 mmregulatoryaffairs@mooremedical.com | TRADE DEBT | | $4,044,334.66 | | $4,044,334.66 |
| 2 | CANTOR FITZGERALD & CO. 110 EAST 59TH ST., 7TH FL NEW YORK, NY  10022 | CONTACT: DAVID A. PAUL PHONE: 212-610-2298 dpaul@cantor.com | LITIGATION | CUD | $3,961,000.00 | | $3,961,000.00 |
| 3 | MINUTECLINIC DIAGNOSTIC ONE MINUTECLINIC DRIVE, MAIL STOP: 100 SVD WOONSOCKET, RI  02895 | CONTACT: ANNE LIGHTFOOT PHONE: 866-389-2727 FAX: 401-216-0166 VACCINECONTRACTING@CVSCAREMARK.COM | TRADE DEBT | | $1,582,139.45 | | $1,582,139.45 |
| 4 | LABORATORY CORPORATION LAW DEPARTMENT 531 SOUTH SPRING STREET BURLINGTON, NC  27215 | CONTACT: PAMELA EDWARDS PHONE: 336-229-1127 | TRADE DEBT | | $1,412,622.75 | | $1,412,622.75 |
| 5 | SPENCER FANE BRITT & BROWNE 1000 WALNUT ST STE 1400 KANSAS CITY, MO  64106 | CONTACT: NATHAN A. ORR PHONE: 816-474-8100 FAX: 816-474-3216 NORR@SPENCERFANE.COM | TRADE DEBT | | $830,677.17 | | $830,677.17 |
| 6 | ABRIELLA LANIER C/O BALTODANO & BALTODANO LLP 733 MARSH ST., STE 110 LOS ANGELES, CA  90071 | CONTACT: HERNALDO J. BALTODANO PHONE: 805-322-3412 FAX: 805-322-3413 INFO@BALTODANOFIRM.COM | SETTLEMENT AGREEMENT | | $750,000.00 | | $750,000.00 |
| 7 | OPTISOM, LLC 2525 CAMINO DEL RIO SOUTH #270 SAN DIEGO, CA  92108 | PHONE: 619-299-6299 infO@optisom.com | TRADE DEBT | | $658,419.26 | | $658,419.26 |

Debtor:    HOOPER HOLMES, INC., et al          Case Number (if known):  18-_____01

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | CLINICAL REFERENCE LABORATORY 8433 QUIVIRA RD LENEXA, KS  66215 | PHONE: 913-492-3652 FAX: 913-492-6753 | TRADE DEBT | | $598,074.26 | | $598,074.26 |
| 9 | ENGAGE2EXCEL 149 CRAWFORD ROAD STATESVILLE, NC  28625 | CONTACT: EMILY GATTON PHONE: 508-222-2900 FAX: 508-222-7089 | TRADE DEBT | | $581,573.27 | | $581,573.27 |
| 10 | HENRY DUBOIS 894 CENTRILLION DRIVE MCLEAN, VA  22102 | PHONE: 703-942-5488 | EMPLOYMENT AGREEMENT | | $429,000.00 | | $429,000.00 |
| 11 | HANSON MEDICAL SYSTEMS 1954 HOWELL BRANCH ROAD SUITE 203 WINTER PARK, FL  32792 | PHONE: 407-671-3883 FAX: 407-671-4403 abrown@hansonmed.com | LITIGATION | D | $315,961.34 | | $315,961.34 |
| 12 | BLUE CROSS BLUE SHIELD OF KC 2301 MAIN STREET KANSAS CITY, MO  64108 | PHONE: 816-395-3558 | TRADE DEBT | | $286,561.67 | | $286,561.67 |
| 13 | WELLNESS CORPORATE SOLUTIONS PO BOX 56346 ATLANTA, GA  30343 | PHONE: 301-229-7555 info@wellnesscorporatesolutions.Com | TRADE DEBT | | $285,798.21 | | $285,798.21 |
| 14 | UNITED PARCEL SERVICE ATTN: CONTRACTS 12380 MORRIS RD ALPHARETTA, GA  30005 | CONTACT: FELICIA ADKINS PHONE: 630-213-9450 | TRADE DEBT | | $259,458.40 | | $259,458.40 |
| 15 | QUEST DIAGNOSTICS 550 WEST PEACHTREE STREET NORTHWES STE 1775 ATLANTA, GA  30308 | PHONE: 404-221-0973 | TRADE DEBT | | $253,665.00 | | $253,665.00 |
| 16 | FEDEX THREE GALLERIA TOWER 13155 NOEL ROAD DALLAS, TX  75240 | CONTACT: ATTN: GENERAL COUNSEL PHONE: 412-391-2014 LEGAL.CAESALES@FEDEX.COM | TRADE DEBT | | $222,661.95 | | $222,661.95 |
| 17 | AMERICAN EXPRESS 1321 COMMERCE ST DALLAS, TX  75202 | PHONE: 214-742-8200 | TRADE DEBT | | $173,405.26 | | $173,405.26 |
| 18 | STEVEN BALTHAZOR 3092 NOBLE COURT BOULDER, CO  80301 | PHONE: 1-800-528-2122 | EMPLOYMENT AGREEMENT | | $142,811.48 | | $142,811.48 |
| 19 | SALESFORCE.COM INC THE LANDMARK @ ONE MARKET SUITE 300 SAN FRANCISCO, CA  94105 | PHONE: 1-888-747-9736 | TRADE DEBT | | $142,571.72 | | $142,571.72 |
| 20 | ZIPONGO, INC. 901 BATTERY ST., STE 250 SAN FRANCISCO, CA  94111 | CONTACT: SCOTT E. SMITH PHONE: 415-729-5433 SCOTT.SMITH@ZIPONGO.COM | TRADE DEBT | | $141,611.60 | | $141,611.60 |
| 21 | HALLMARK 2501 MCGEE TRAFFICWAY, MD 510 KANSAS CITY, MO  64141 | CONTACT: LEA SCOTT PHONE: 816-274-3524 LEA.SCOTT@HALLMARK.COM | TRADE DEBT | | $132,625.50 | | $132,625.50 |

Debtor: HOOPER HOLMES, INC., et al        Case Number (if known): 18-_____01

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22 | RICHA AHUJA<br>C/O KLEIN LAW GROUP, LLP<br>4 EMBARCADERO CTR, STE 3900<br>SAN FRANCISCO, CA 94111 | CONTACT: ALEXEI KUCHINSKY<br>PHONE: 415-693-9107<br>FAX: 415-693-9222 | SETTLEMENT AGREEMENT | | $120,050.00 | | $120,050.00 |
| 23 | ALLIED GLOBAL SERVICES, LLC<br>10901 W 84TH TERR #220<br>LENEXA, KS 66214 | PHONE: 913-253-7000 | TRADE DEBT | | $119,881.69 | | $119,881.69 |
| 24 | GRANT THORNTON LLP<br>33960 TREASURY CENTER<br>CHICAGO, IL 60694-3900 | PHONE: (703) 847-7500<br>FAX: (703) 848-9580 | TRADE DEBT | | $114,340.00 | | $114,340.00 |
| 25 | COLLEGE CROSSING EFGH, LLC<br>C/O POLSINELLI PC<br>6201 COLLEGE BLVD, STE 500<br>OVERLAND PARK, KS 66211 | CONTACT: KELLY D. STOHS<br>PHONE: 913-234-7512<br>FAX: 913-451-6205<br>KSTOHS@POLSINELLI.COM | SETTLEMENT AGREEMENT | | $111,650.00 | | $111,650.00 |
| 26 | ND DATA GROUP OF RI<br>1459 STUART ENGLAS BLVD<br>SUITE 303<br>MOUNT PLEASANT, SC 29464 | CONTACT: TOM ANDERSON<br>PHONE: 843-284-0080 | TRADE DEBT | | $105,075.25 | | $105,075.25 |
| 27 | NETANIUM<br>116 JOHN STREET<br>SUITE 110<br>LOWELL, MA 1852 | CONTACT: JUSTIN SAKOVITZ<br>PHONE: 1-888-638-6638<br>JSAKOVITZ@NETANIUM.COM | TRADE DEBT | | $101,293.60 | | $101,293.60 |
| 28 | NYSE MARKET<br>11 WALL STREET<br>NEW YORK, NY 10005 | PHONE: 1-212-656-5505 | TRADE DEBT | | $93,281.48 | | $93,281.48 |
| 29 | ELIASSEN GROUP LLC<br>55 WALKERS BROOK DRIVE<br>6TH FLOOR<br>READING, MA 1867 | PHONE: 800-354-2773<br>solutions@eliassen.com | TRADE DEBT | | $91,960.00 | | $91,960.00 |
| 30 | AT&T CORP.<br>ONE AT&T WAY, ROOM 3A176<br>BEDMINSTER, NJ 07921 | CONTACT: KAREN CAVAGNARO<br>PHONE: 908 234-6150<br>KM1426@ATT.COM | SETTLEMENT | | $91,824.90 | | $91,824.90 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

In re:                                                                  :    Chapter 11
                                                                            :
PROVANT HEALTH SOLUTIONS, LLC,      :    Case No. 18-_____(___)
                                                                            :
          Debtor.                                                :
                                                                            :
------------------------------------------------------------x

# LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Provant Health Solutions, LLC | Hooper Holmes, Inc. | 560 N. Rogers Road Olathe, KS 66286 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 case.

4815-9981-5280.1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

In re:

PROVANT HEALTH SOLUTIONS, LLC,

        Debtor.

-------------------------------------------------------------x

Chapter 11

Case No. 18-_____(___)

# CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Hooper Holmes, Inc. | 100% |

**Fill in this information to identify the case:**

Debtor name: **Provant Health Solutions, LLC**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known): 

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration    **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  08/27/2018        X **/s/ Kevin Johnson**
                                Signature of individual signing on behalf of debtor

                               **Kevin Johnson**
                               Printed name

                               **Chief Financial Officer**
                               Position or relationship to debtor

---

# ACTION OF SOLE MEMBER

# OF

# PROVANT HEALTH SOLUTIONS, LLC

**THE UNDERSIGNED**, being the sole member of Provant Health Solutions, LLC (the "Company"), a Rhode Island limited liability company, acting pursuant to applicable law hereby adopts the following resolutions as of the date set forth below:

**WHEREAS**, the undersigned has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's products and services, and credit market conditions; and

**WHEREAS**, the undersigned has received, reviewed, and considered the recommendations of the senior management of the Company and the Company's legal, financial, and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

**NOW, THEREFORE, BE IT RESOLVED**, that, in the judgment of the undersigned, it is desirable and in the best interests of the Company, its creditors, and member, that a voluntary petition (the "Voluntary Petition") be filed by the Company under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and be it

**FURTHER RESOLVED**, that the Company shall be, and it hereby is, directed and authorized to execute and file on behalf of the Company all petitions, schedules, lists, and other papers or documents, and to take any and all action which it deems reasonable, advisable, expedient, convenient, necessary, or proper to obtain such relief; and be it

**FURTHER RESOLVED**, that Mark Clermont and any officer or manager of the Company and any of their designees (collectively, the "Designated Persons"), be and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company (i) to execute and verify the Voluntary Petition as well as all other ancillary documents and to cause the Voluntary Petition to be filed with the Bankruptcy Court, commencing a chapter 11 case (the "Bankruptcy Case") and to make or cause to be made prior to the execution thereof any modifications to the Voluntary Petition or ancillary documents, and (ii) to execute, verify, and file or cause to be filed all petitions, schedules, lists, motions, applications, and other papers or documents necessary or desirable in connection with the foregoing; and be it

**FURTHER RESOLVED**, that the law firm of Foley & Lardner LLP ("Foley & Lardner") be, and hereby is, authorized and empowered to represent the Company as its general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Foley & Lardner; and be it

**FURTHER RESOLVED**, that the law firm of Halperin Battaglia Benzija, LLP ("Halperin") be, and hereby is, authorized and empowered to serve as conflicts counsel to the Company, and to represent and assist the Company as conflicts counsel in connection with the Bankruptcy Case and to take any and all actions to advance the Company's rights in the event that Foley & Lardner is unable to represent the Company due to any conflicts; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Halperin; and be it

**FURTHER RESOLVED**, that the law firm of Spencer Fane LLP ("Spencer Fane") be, and hereby is, authorized and empowered to serve as securities counsel to the Company in connection with the Bankruptcy Case, and to represent and assist the Company in considering corporate governance matters and to advise on such other matters as requested by the Company's managers; and, in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Spencer Fane; and be it

**FURTHER RESOLVED**, that Epiq Corporate Restructuring, LLC ("Epiq") be, and hereby is, authorized and empowered to serve as the notice, claims, solicitation, and balloting agent in connection with the Bankruptcy Case commenced by the Company under the Bankruptcy Code; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Epiq; and be it

**FURTHER RESOLVED**, that Phoenix Management Services ("Phoenix") be, and hereby is, authorized and empowered to serve as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any

2

combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Phoenix; and be it

**FURTHER RESOLVED**, that Raymond James & Associates, Inc. ("Raymond James") be, and hereby is, authorized and empowered to serve as investment banker and financial adviser, to represent and assist the Company in considering restructuring alternatives, undertaking sales of assets, obtaining financing, and carrying out its duties under the Bankruptcy Code and in connection with the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the service of Raymond James, including pursuant to Section 327 of the Bankruptcy Code; and be it

**FURTHER RESOLVED**, that the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals or consultants or financial advisors to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed one or more appropriate applications for authority to retain the services of such firms; and be it

**FURTHER RESOLVED**, that the Designated Persons be, and each of them acting alone or in any combination is, hereby authorized, directed, and empowered from time to time in the name and on behalf of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the officer performing or executing the same shall approve, and the performance or execution thereof by such officer shall be conclusive evidence of the approval thereof by such officer and by the Company; and be it

**FURTHER RESOLVED**, that the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to obtain post-petition financing according to terms negotiated, or to be negotiated, by the management of the Company, including under debtor-in-possession credit facilities or relating to the use of cash collateral; and to enter into any guarantees and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreements; and in connection therewith, the Designated Persons are hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements, and related ancillary documents; and be it

3

**FURTHER RESOLVED**, that the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to secure the payment and performance of any post-petition financing by (i) pledging or granting liens or mortgages on, or security interests in, all or any portion of the Company's assets, including all or any portion of the issued and outstanding capital stock or membership interests of any subsidiaries of the Company, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, inter-creditor agreements, mortgages, deeds of trust, and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate, or desirable by the officer executing the same, the execution thereof by such officer to be conclusive evidence of such approval or determination; and be it

**FURTHER RESOLVED**, that the Designated Persons be, and each of them acting alone or in any combination is, hereby authorized, directed, and empowered from time to time in the name and on behalf of the Company, to (a) take such further actions and execute and deliver such certificates, instruments, guaranties, notices, and documents as may be required or as such officer may deem necessary, advisable, or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements, and the like, and (b) perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the officer performing or executing the same shall approve, and the performance or execution thereof by such officer shall be conclusive evidence of the approval thereof by such officer and by the Company; and be it

**FURTHER RESOLVED**, that the Designated Persons be, and each of them acting alone is, hereby authorized, directed, and empowered from time to time in the name and on behalf of the Company, to adopt resolutions and otherwise exercise the rights and powers of the Company as such Designated Person may deem necessary, appropriate or desirable (i) as a member or manager (however denominated) of the direct and indirect subsidiaries of the Company that are limited liability companies (if any), (ii) as general partner or limited partner of the direct and indirect subsidiaries of the Company that are limited partnerships (if any), and (iii) as a stockholder of the direct and indirect subsidiaries of the Company that are corporations (if any); and that thereupon such resolutions shall be deemed adopted as and for the resolutions of each such subsidiary of the Company.

### Asset Sale

**WHEREAS**, the Company intends to sell substantially all of its assets in connection with the Bankruptcy Case under chapter 11 of the Bankruptcy Code pursuant to that certain Asset Purchase Agreement by and among Summit Health, Inc. and the Company and its affiliates, along with any ancillary documents and agreements thereto in substantially the form reviewed by the managers in connection with these resolutions (collectively, the "Purchase Agreement"), which Purchase Agreement shall be subject to higher and better bids at an auction, if necessary, and Bankruptcy Court approval; and

4

**WHEREAS**, the managers hereby find, determine, and conclude that it is desirable and in the best interests of the Company and its subsidiaries and its shareholders, creditors, and other interested parties, that the Designated Persons execute and enter into the Purchase Agreement on behalf of the Company.

**NOW, THEREFORE, BE IT RESOLVED**, that the Designated Persons be, and each of them hereby is, authorized to execute and enter into the Purchase Agreement on behalf of the Company and sell substantially all of the Company's assets free and clear of all liens, claims and encumbrances under Section 363 of the Bankruptcy Code, subject to higher and better bids at an auction, if necessary, and Bankruptcy Court approval, as may be required by the Bankruptcy Code, and as may be deemed necessary and proper in connection with the Bankruptcy Case by any of the Designated Persons; and be it

**FURTHER RESOLVED**, that the Designated Persons be, and each of them hereby is, authorized to execute, verify and/or file or cause to be filed and or executed or verified (or direct others to do so on their behalf as provided herein) all necessary documents including, without limitation, all schedules, motions, lists, pleadings and other papers, including, without limitation, a motion to sell some or substantially all of the Company's assets under Section 363 of the Bankruptcy Code, and to take any and all actions which they deem necessary and proper in connection with the consummation of sale contemplated by the Purchase Agreement.

## Other Acts

**FURTHER RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such actions were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved, and ratified.

[*Signature page follows.*]

5

**IN WITNESS WHEREOF**, the undersigned, being the sole member of the Company, has executed this Action of Member as of this 27th day of August, 2018.

**PROVANT HEALTH SOLUTIONS, LLC**,
a Rhode Island limited liability company

**By: Hooper Holmes, Inc.**,
its Sole Member

By: _____
Name: Mark Clermont
Title: President and COO

[SIGNATURE PAGE TO ACTION OF SOLE MEMBER OF PROVANT HEALTH SOLUTIONS, LLC]